MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | Western District North Carolina, Asheville Division |
|---|---|---|
| Name *(under which you were convicted)*: Deborah L. Tipton | | Docket or Case No.: 1:12-cr-00025-MR DLH-1 |
| Place of Confinement: FCI Aliceville, FEderal Correctional Institution, P.O. Box 4000, Aliceville | | Prisoner No.: 27392-058 |
| UNITED STATES OF AMERICA | v. | Movant *(include name under which convicted)* DEBORAH L. TIPTON |

## MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

   United States District Court
   Western District North Carolina
   Asheville Division

   (b) Criminal docket or case number (if you know): 1:12-cr-00025-MR-DLH-1

2. (a) Date of the judgment of conviction (if you know): 9/13/2013

   (b) Date of sentencing: 9/24/2013

3. Length of sentence: 216 months imprisonment

4. Nature of crime (all counts):
   Count One (1) charged Movant with Sexual Explotation of Children, in violation of 18 U.S.C. § 2251(a).
   Count Two (2) charged Movant with Cerain Activiteis Relating to Material Involving the Sexual Explortation of Minors, in violation of 18 U.S.C. §§ 2252(a)(1) and 2252(b) and 18 U.S.C. § 2.
   Count Three charged Movant with Certain Activities Relating to Constituting or Containing Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b).

5. (a) What was your plea? (Check one)
   (1) Not guilty ☐   (2) Guilty ☑   (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or what did you plead guilty to and what did you plead not guilty to?

   N/A

6. If you went to trial, what kind of trial did you have? (Check one)  Jury ☐  Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?  Yes ☐  No ☑

8. Did you appeal from the judgment of conviction?  Yes ☑  No ☐

9. If you did appeal, answer the following:
   (a) Name of court: United States Court of Appeals for the Fourth Circuit Court of Appeal
   (b) Docket or case number (if you know): No. 13-4737
   (c) Result: Affirmed in part; Dismissed in part.
   (d) Date of result (if you know): 8/5/2014
   (e) Citation to the case (if you know): USA v. Tipton, (No. 13-4737) (4th Cir. August 5, 2014)
   (f) Grounds raised:
   Whether the government committed prosecutorial misconduct for several reasons.

   Whether the Court abused its discretion by ingoring uncontradicted factors that warranted advisory Guideline downward departures set out in paragraphs 102 and 103 by the probation officer in the Revised PSR dated July 30, 2013.

   (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ✔
   If "Yes," answer the following:
   (1) Docket or case number (if you know): N/A
   (2) Result: N/A

   (3) Date of result (if you know): 
   (4) Citation to the case (if you know): N/A
   (5) Grounds raised:
   N/A

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ☐   No ✔

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: N/A
        (2) Docket or case number (if you know): N/A
        (3) Date of filing (if you know): 

        (4) Nature of the proceeding: N/A
        (5) Grounds raised: N/A

    (6) Did you receive a hearing where evidence was given on your motion, petition, or application?
        Yes ☐     No ☑
    (7) Result: N/A
    (8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:
    (1) Name of court: N/A
    (2) Docket of case number (if you know): N/A
    (3) Date of filing (if you know):
    (4) Nature of the proceeding: N/A
    (5) Grounds raised:

N/A

    (6) Did you receive a hearing where evidence was given on your motion, petition, or application?
        Yes ☐     No ☑
    (7) Result: N/A
    (8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?
    (1) First petition:    Yes ☐    No ☑
    (2) Second petition: Yes ☐    No ☑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

N/A

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:** Ineffective Assistance of Pretrial Counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Pretrial counsel failed to:

1) Counsel failed to conduct an adequate and independent pretrial investigation.
2) Counsel failed to file any substantive pretrial motions.
3) Counsel failed to properly inform Movant of the consequences of pleading guilty as opposed to proceeding to trial including the maximum sentence if she was convicted at trial;
4) Counsel failed to properly communicate with Movant including not providing discovery so that she could make an informed decision with regard to pleading guilty or proceeding to trial.
5) Counsel failed to attempt to negotiate a more favorable Plea Agreement for Movant such as a Rule 11(C)(1)(c) Agreement with a specific sentence.

A memorandum of law in support of Movant's § 2255 Motion and this ground will be forthcoming within 30 days or less.

(b) **Direct Appeal of Ground One:**
  (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes ☐　　No ☒
  (2) If you did not raise this issue in your direct appeal, explain why:

Claims of ineffective assistance of counsel are not generally raised on direct appeal.

(c) **Post-Conviction Proceedings:**
  (1) Did you raise this issue in any post-conviction motion, petition, or application?
      Yes ☐　　No ☒
  (2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed:
N/A

Docket or case number (if you know): N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

  (3) Did you receive a hearing on your motion, petition, or application?
      Yes ☐　　No ☒
  (4) Did you appeal from the denial of your motion, petition, or application?
      Yes ☐　　No ☒
  (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
      Yes ☐　　No ☒

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
N/A

Docket or case number (if you know): N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:
N/A

**GROUND TWO:** Ineffective Assistance of Sentencing Counsel.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Sentencing counsel failed to:

1) Review, Discuss and explain the PSR with Movant prior to sentencing.
2) File any meaningful objections to the PSR.
3) Properly prepare for sentencing with a theory of defense for mitigation of punishment.
4) Move for a continuance of sentencing to prepare for government witness testimony.
5) Properly cross-examine Agent Wydra at sentencing.
6) Argue at sentencing for mitigation of punishment.
7) Move the Court for a downward variance based on 18 U.S.C. 3553(a) sentencing facts including psychological or psychiatrict reports.
8) Raise a Santobello claim regarding specific performance of her Plea Agreement.

A memorandum of law in support of Movant's § 2255 Motion and this ground will be forthcoming within the next 30 days or less.

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐   No ☒

(2) If you did not raise this issue in your direct appeal, explain why:
N/A

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐   No ☒

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed:
N/A

Docket or case number (if you know): N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐ No ☑

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐ No ☑

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐ No ☑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
N/A

Docket or case number (if you know): N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

N/A

**GROUND THREE:** Ineffective Assistance of Appellate Counsel.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Appellate counsel failed to:

1) Communicate with Movant regarding her appeal and the issues to be raised on appeal.
2) Allow Movant to participate in her direct appeal.
3) Raise other meritorious issues that were stronger than the issues raised on appeal.

A memorandum of law in support of Movant's § 2255 Motion and this ground will be forthcoming within the next 30 days or less.

(b) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?
        Yes ☐     No ☑

    (2) If you did not raise this issue in your direct appeal, explain why:

N/A

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?
        Yes ☐     No ☑

    (2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed:
N/A

Docket or case number (if you know): N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

    (3) Did you receive a hearing on your motion, petition, or application?
        Yes ☐     No ☑

    (4) Did you appeal from the denial of your motion, petition, or application?
        Yes ☐     No ☑

    (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
        Yes ☐     No ☑

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
N/A

Docket or case number (if you know): N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:
Claims of ineffective assistance of counsel are generally not raise on direct appeal. The proper remedy is a § 2255 Motion.

**GROUND FOUR:** N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

N/A

(b) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?
         Yes ☐    No ☑

    (2) If you did not raise this issue in your direct appeal, explain why:

N/A

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?
         Yes ☐    No ☑

    (2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed:
N/A

Docket or case number (if you know): N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐  No ☑

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐  No ☑

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐  No ☑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
N/A

Docket or case number (if you know): N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

N/A

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

N/A

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?   Yes ☐   No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

N/A

15. Give the name and address, if known, of each attorney who represented you in the following stages of the you are challenging:

    (a) At the preliminary hearing:
    Fredilyn Sison, 1 Page Avenue, Suite 210, Asheville, North Carolina 28801.

    (b) At the arraignment and plea:
    Jack W. Stewart, Jr., P. O. Box 1920, Asheville, North Carolina 28802

    (c) At the trial:
    N/A

    (d) At sentencing:
    Jack W. Stewart, Jr., P. O. Box 1920, Asheville, North Carolina 28802

    (e) On appeal:
    Frank B. Jackson, P. O. Box 1666, Hendersonville, North Caroling 28793.

    (f) In any post-conviction proceeding:
    N/A

    (g) On appeal from any ruling against you in a post-conviction proceeding:
    N/A

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?　　Yes ☐　　No ☑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?　　Yes ☐　　No ☑

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

    N/A

    (b) Give the date the other sentence was imposed: 
    (c) Give the length of the other sentence: N/A
    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?　　Yes ☐　　No ☑

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

    N/A

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
  A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
    (1) the date on which the judgment of conviction became final;
    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, Tipton respectfully requests that the Court grant the following relief:

Vacate her conviction and sentence to start anew; alternatively, grant an Evidentiary hearing to further prove her grounds set forth above, resolve facts in dispute, expand an incomplete record or any other relief to which this Court deems that she may be entitled.

Respectfully submitted,

Deborah L. Tipton
Reg. No. 27392-058
FCI Aliceville
Federal Correctional Institution
P.O. Box 4000
Aliceville, AL 35442

### DECLARATION OF DEBORAH L. TIPTON

I, Deborah L. Tipton, declarant herein, declare and attest to the fact in the above and foregoing Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody to be true and correct to the best of my knowledge under the penalty of perjury pursuant to 28 U.S.C. § 1746. I invoke the mailbox rule for inmates.

Dated: Nov. 3, 2015

Deborah L. Tipton