IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL NO. 1:15CV250-MR
(1:12CR25-MR)


| | |
|---|---|
| DEBORAH LEE TIPTON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |


## GOVERNMENT'S RESPONSE TO PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Deborah Lee Tipton has moved to vacate, correct, or set aside her sentence

pursuant to 28 U.S.C. § 2255, arguing that she received ineffective assistance of

counsel prior to her guilty plea, at sentencing, and on appeal. Because Tipton

cannot show deficient performance or prejudice, the United States respectfully

requests that this Court deny the motion.

## PROCEDURAL AND FACTUAL BACKGROUND

1. **Tipton records a video of her 11-year-old daughter in the shower and sends it to Tipton's boyfriend.**

Tipton, a math and special education teacher at The Mountain Community

School in Hendersonville, North Carolina, had an extramarital affair with Chad

Hamby, the school's principal, from approximately 2004 through 2011.  PSR ¶¶ 9,

14.[1]  During the course of their affair, Tipton and Hamby often discussed sexual fantasies, including rape, bondage, and having sexual relations with young girls. *Id.* ¶¶ 14-15.

In September 2011, at Hamby's request, and in an attempt to arouse him and further their relationship, Tipton videotaped her 11-year-old daughter naked in the shower and sent the videos to Hamby. *Id.* ¶¶ 16, 19, 22-23; Civ. Doc. No. 2 at 4.  Hamby recalled that Tipton sent him a message indicating that she was going to send him "something," and then he received and viewed the two videos before deleting them.  PSR ¶ 19.

In one of the videos, Tipton repeatedly aims the camera and zooms in on her daughter's genitalia and convinces her daughter to pull her labia apart under the guise of "seeing her development and her pubic hair."  *Id.* ¶ 11.  The video also contains shots of the daughter's breasts.  *Id.*  In a second, similar shower video, Tipton focuses the camera only on the daughter's vagina and briefly on her breasts. *Id.*  Tipton's voice is heard throughout the video and, at one point during the video, Tipton flips around the camera and captures her own face on the video.  *Id.*

Several months later, in February 2012, after Tipton had separated from her husband, Joel Tipton (Joel), he found the videos of their daughter on Tipton's flip video camera and determined that she had sent the videos to Hamby's email address. *Id.* ¶¶ 9-10.  Joel notified his divorce attorney, who then notified the

---

[1]  Unless otherwise indicated, all document references are to the docket in the underlying criminal action.

Department of Social Services (DSS), and an investigation and prosecution ensued. *Id.* ¶ 10.

When confronted by investigators, Tipton admitted to making the videos and sending at least one to Hamby, but she tried to excuse the conduct by explaining that "her daughter wanted to view the pictures of her pubic hair and private parts." *Id.* ¶¶ 22-23. Tipton was arrested and charged with felony first degree sexual exploitation of a minor. *Id.* ¶ 24. Investigators also interviewed Hamby, who admitted to receiving and viewing the videos. *Id.* ¶ 19. He eventually was convicted of receipt of child pornography. *Id.* ¶ 29.

Tipton subsequently was charged in federal court with producing a visual depiction of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2251(a) (Count One); transporting a visual depiction of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(1) and (b) (Count Two); and possessing a visual depiction of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b) (Count Three). Indictment.

2. Counsel files numerous pre-trial motions and Tipton agrees to plead guilty.

Although Tipton originally was appointed counsel, she retained Jack W. Stewart, Jr. as counsel in May 2012, and Frank B. Jackson entered an appearance as co-counsel in July 2012. Doc. Nos. 15 and 30. Defense counsel filed numerous pre-trial motions, including: a motion to suppress, a motion for leave to file pre-trial motions; a motion to disclose documents; a motion for independent forensic examination of computer hardware, software, and visual images; a motion for

3

discovery; a motion for privacy/protective order; a motion for admission of criminal conviction; a motion in limine; a motion to dismiss; a request for disclosure of information regarding expert witnesses; and a motion to compel.  Doc. Nos. 16, 18, 19-21, 24, 33-35, 43, 45-46.  The motion to dismiss included the argument that there was insufficient evidence of intent to support the offenses.  *See* Doc. Nos. 43-44.

Rather than proceeding to trial, Tipton agreed to plead guilty to the distribution and possession counts (Counts Two and Three), and, in exchange, the Government agreed to dismiss the production count (Count One).  Plea Agrmt.  The plea agreement provided that the statutory minimum was five years of imprisonment, the statutory maximum was 20 years, and that any estimate of sentence was a prediction, rather than a promise.  *Id.* ¶¶ 3, 5.  The parties agreed to jointly recommend that: the cross reference to U.S.S.G. § 2G2.1 applied because the offense involved "causing, transporting, or permitting a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct"; the base offense level was 32; a four-level enhancement applied because the victim was under 12; a two-level enhancement applied because the offense involved distribution; and a two-level enhancement applied because Tipton was the minor's parent.  *Id.* ¶ 6.  The Government agreed to recommend the full three-level reduction for acceptance of responsibility, provided that Tipton fully demonstrated responsibility for her offense and relevant conduct.  *Id.*  The parties agreed that each could seek a departure or variance.  *Id.*  Tipton also agreed to waive the right to challenge her conviction or sentence on appeal or in any post-conviction

proceeding, except as to claims of ineffective assistance or prosecutorial misconduct. *Id.* ¶¶ 17-18.

At the plea hearing, the Court reviewed the elements of each offense with Tipton, including the requirement that she did such acts "knowingly, intentionally, willfully, and unlawfully." Plea Tr. 5-11. Tipton stated that she understood this. *Id.* Tipton also stated that she understood the statutory minimum term of imprisonment was five years and the statutory maximum was 20 years. *Id.* at 7-8. She indicated that she understood the Guidelines, as well as the fact that the Court could impose a sentence higher or lower than the Guidelines range. *Id.* at 13-14. Tipton affirmed that she was pleading guilty because she had committed the acts described in Counts Two and Three of the Indictment, that her plea was voluntary, and that no one had threatened her or made any promises outside of the plea agreement to induce her to plead guilty. *Id.* at 16. She confirmed her assent to the terms of the plea agreement, including the waiver of appellate and post-conviction challenges. *Id.* at 22. Tipton also testified that she had had ample time to discuss possible defenses with her attorney and that she was entirely satisfied with his services. *Id.* at 22-23. The Court accepted her plea as being knowingly and voluntarily made. *Id.* at 24.

   3. Counsel vigorously objects to the PSR and argues for a downward departure or variance, but Tipton is sentenced to 216 months of imprisonment.

A probation officer issued a pre-sentence report (PSR) that calculated Tipton's total offense level as 37. PSR ¶¶ 45-48, 54-56. This corresponded to the

5

recommendations in the plea agreement. Given her criminal history category of I, the advisory guidelines range was 210-262 months of imprisonment. *Id.* ¶ 89.

Counsel filed numerous objections to the PSR, arguing, inter alia, that Tipton had taken the videos at her daughter's request; that she thought that she had deleted the video; that it was later sent to Hamby, who stated that Tipton would not have sent it if he had not asked for the video; that her daughter was traumatized more from being separated from her mother than from the videos; that she should receive a lower sentence because she was not a pedophile; and that she was unlikely to be a recidivist. *See* Doc. Nos. 71, 76. Counsel also filed a motion for a downward departure, asserting that it was possible that Tipton had sent the video by mistake due to her inexperience in using the flip camera, that it was not distributed for monetary gain, that the videos were intended for educational use, and that Tipton was a person who was anxious to please, but was unlikely to pose a risk of being a sex offender. Doc. Nos. 73-74. Additionally, counsel submitted a sentencing memorandum and a number of exhibits, including a psychiatric evaluation of Tipton, a social/emotional assessment, and a psychosexual evaluation. *See* Doc. Nos. 71-72, 74.

At sentencing, Tipton reaffirmed the responses she gave at the Rule 11 hearing, including her guilt of the offenses and the voluntariness of her plea. Sent. Tr. 5-8. The Court commented on the number of documents submitted for sentencing, citing a "multitude of objections" to the PSR, Tipton's motion for a downward departure, Tipton's sentencing memorandum, as well as letters

submitted on Tipton's behalf.  *Id.* at 3.  Tipton also submitted a motion for a downward variance.  *Id.* at 4.  Tipton stipulated to the factual basis for the offense as set forth in the PSR.  *Id.* at 8.  She also stated that she had had an opportunity to review the PSR with her attorney and that she understood its contents.  *Id.* at 9.

Much of the discussion at sentencing centered on Tipton's intent and whether she had accepted responsibility for her offense.  Defense counsel iterated some of the objections to the PSR and stated that Tipton did not deny, and never had denied, the recording, possession, or transmission/distribution of the videotape.  *Id.* at 10-15 (esp. 14).  Defense counsel stated that Tipton was not maintaining that the videos were sent by some other person, but rather that the video must have been sent with other transmissions that were made to Hamby.  *Id.* at 16-21.  The Government argued that if Tipton was asserting that she had accidentally sent the video, then she was not admitting to the knowledge element.  *Id.* at 22.  The Government argued that Tipton's assertions that she thought that she deleted the video and that the video was not sexual indicated that she had not accepted responsibility for her conduct.  *Id.* at 22-23.  Defense counsel again stated that Tipton admitted that she knowingly transmitted the video to Hamby, and she admitted that the video was of a child engaged in sexually explicit conduct.  *Id.*  at 23-24.  He also stated that one of the reasons that Tipton pleaded guilty was to avoid any further trauma or embarrassment to her daughter.  *Id.* at 24.  Although noting that it was a difficult question, the Court determined that Tipton had accepted responsibility for her offense.  *Id.* at 25-26.

The Government then presented testimony from John Wydra, a special agent with the Federal Bureau of Investigation. *Id.* at 29. Wydra testified that Hamby told him that when he learned that the shower video existed, he asked Tipton to send it to him. *Id.* at 33. Hamby said that when he received a text message from Tipton saying that she had a surprise for him, he knew what the video was going to be. *Id.* at 32. According to Hamby, Tipton had said that she wanted to be there when he watched it, so that she could sit on his lap and feel him get hard. *Id.* at 34. The subject line sent with the video said, "Enjoy." *Id.* Hamby indicated that the purpose of sending the video was for his sexual gratification and to feed their fantasies about children. *Id.* According to Wydra, Tipton indicated during her interview that she sent the video with the title "enjoy." *Id.* The videos, transcripts of the videos, a transcript of Tipton's interview, and a transcript of Hamby's deposition were admitted into evidence. *Id.* at 34-36, 48.

Defense counsel established on cross-examination that Wydra had not interviewed Tipton and that the forensic examination of Tipton's electronic devices had not shown any evidence of fantasy discussions of minors or any other images of minors. *Id.* at 37-40, 44. Defense counsel sought a downward departure based on substantial assistance to Hamby's prosecution and aberrant behavior, as well as a downward variance based on the 18 U.S.C. § 3553 factors. *Id.* at 49-63.

Tipton apologized for her behavior, and the Court sentenced her to 216 months of imprisonment, noting that the offense involved the manipulation of a child, as well as a breach of the sacred trust between a parent and child, and that

8

Tipton did not "seem to have come to grips with the criminality of her actions." *Id.* at 79-85.

    4.   <u>The Fourth Circuit Affirms Tipton's Conviction and Sentence.</u>

Tipton appealed, arguing that her sentence was unreasonable, that the Government had committed prosecutorial misconduct by introducing certain evidence at sentencing and by making allegedly inaccurate factual statements, and that the Government had breached her plea agreement by relying at sentencing on conduct underlying the dismissed count. *United States v. Tipton*, 581 F. App'x 188 (4th Cir. 2014). The Fourth Circuit dismissed Tipton's challenge to her sentence, finding that it was barred by her appeal waiver, which was knowingly and voluntarily entered. *Id.* at 189. The Fourth Circuit also held that there was no breach of the plea agreement, because the Government was free "to use Tipton's acts of producing child pornography as part of its argument at sentencing," and that she had not established prosecutorial misconduct. *Id.* at  188-89.

Based on Tipton's declaration of mailing, she timely filed the present motion to vacate on November 3, 2015. Motion to Vacate 12.

## ARGUMENT

**Tipton's ineffective assistance claims should be denied because she has not shown deficient performance or prejudice.**

Under the Sixth Amendment, criminal defendants have the right to effective assistance of counsel. U.S. CONST. amend. VI. To prevail on a § 2255 claim of ineffective assistance of counsel, a petitioner has the burden of establishing both (1) that defense counsel's performance was deficient, in that counsel's "representation

<div align="center">9</div>

fell below an objective standard of reasonableness" as measured by "prevailing professional norms," and (2) that this deficient performance prejudiced the petitioner. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). To establish prejudice, the petitioner must demonstrate there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different*." Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* It is not sufficient to show the mere "'possibility of prejudice.'" *Satcher v. Pruett,* 126 F.3d 561, 572 (4th Cir. 1997) (quoting *Murray v. Carrier,* 477 U.S. 478, 494 (1986)). In considering the prejudice prong, a court "can only grant relief under . . . *Strickland* if the 'result of the proceeding was fundamentally unfair or unreliable.'" *Sexton v. French,* 163 F.3d 874, 882 (4th Cir. 1998) (quoting *Lockhart v. Fretwell,* 506 U.S. 364, 369 (1993)). If a petitioner fails to conclusively demonstrate prejudice, the reviewing court need not consider whether counsel's performance was deficient. *United States v. Terry,* 366 F.3d 312, 315 (4th Cir. 2004).

To establish prejudice in the context of a guilty plea, a petitioner must show that "'there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial.'" *Meyer v. Branker,* 506 F.3d 358, 369 (4th Cir. 2007) (quoting *Hill v. Lockhart,* 474 U.S. 52, 59 (1985)). The petitioner's "subjective preferences" are not dispositive, but rather "whether proceeding to trial would have been objectively reasonable in light of all of

the facts." *United States v. Fugit*, 703 F.3d 248, 260 (4th Cir. 2012), *cert. denied*, 134 S. Ct. 999 (2014).

A petitioner is generally bound by the statements made during her Rule 11 colloquy, which are strong evidence of the voluntariness of her plea. *See United States v. DeFusco*, 949 F.2d 114, 119 (4th Cir. 1991). "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). As the Fourth Circuit has made clear, "courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy," and § 2255 claims that contradict a petitioner's plea colloquy are deemed "patently frivolous or false," except in extraordinary circumstances. *United States v. Lemaster*, 403 F.3d 216, 221-22 (4th Cir. 2005).

A. *Tipton's allegations of pre-plea ineffective assistance should be dismissed as waived or denied because she has not shown that they rendered her plea involuntary.*

Tipton raises five grounds of ineffective assistance of counsel that occurred prior to her guilty plea. Motion to Vacate 4. She contends that her attorney failed to: (1) conduct an independent and adequate pre-trial investigation; (2) file any substantive pre-trial motions; (3) properly inform her of the consequences of pleading guilty versus going to trial and what the maximum sentence was if she proceeded to trial; (4) properly communicate with her, particularly as to discovery, so that she could make an informed decision whether to plead guilty or proceed to trial; or (5) negotiate a more favorable plea agreement, such as one with a specific sentence. *Id.*

Case 1:15-cv-00250-MR   Document 4   Filed 02/19/16   Page 11 of 24

Claims two and five should be dismissed as waived, and the remaining claims should be denied on the merits.

1. By pleading guilty, Tipton waived claims relating to counsel's pre-trial motions and not negotiating a more favorable plea agreement.

"When a defendant pleads guilty, [s]he waives all nonjurisdictional defects in the proceedings conducted prior to the plea." *United States v. Moussaoui*, 591 F.3d 263, 279 (4th Cir. 2010). Pre-plea ineffective assistance of counsel about a matter that does not affect the voluntariness of the decision to plead guilty is such a nonjurisdictional defect. *United States v. Torres*, 129 F.3d 710, 715 (2d Cir. 1997); *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983); *accord Moussaoui*, 591 F.3d at 279 (holding that arguments alleging pre-plea Sixth Amendment violations were "not cognizable" because the defendant's guilty plea had waived them); *Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1296 (4th Cir. 1992) (holding that a guilty plea waived a claim of the denial of constitutionally required counsel "that occurred prior to" the guilty plea and was "unrelated to it"). A guilty plea is valid when it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Burket v. Angelone*, 208 F.3d 172, 190 (4th Cir. 2000) (citing *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)).

Tipton contends that counsel provided ineffective assistance by not filing motions: for change of venue; for *Brady/Giglio* material; to compel agents to preserve rough notes; for the identity of confidential informants; to dismiss for want of sufficiency; to obtain the grand jury testimony; and for an independent mental

12

evaluation. Memorandum 22-23. She asserts that such motions were necessary to evaluate the strengths and weaknesses of the Government's case and to determine whether to proceed to trial. *Id.* at 23-24.

Tipton's challenge to counsel's failure to file additional pre-trial motions is a non-jurisdictional defect that was waived by her guilty plea. *See Moussaoui*, 591 F.3d at 279. Although she contends that such motions were necessary to evaluate the strength of the Government's case, she provides no evidence to support this assertion, nor does the record show such a basis. Thus, even if she could bring such a claim, it would fail as she has shown neither deficient performance, nor prejudice, since she does not what evidence any of these motions would have revealed that would have made it objectively reasonable for her to proceed to trial. *See Strickland*, 466 U.S. at 687-88, 694.

Counsel's alleged failure to negotiate a more favorable plea agreement does not affect the voluntariness of her decision to plead guilty to the plea agreement offered. *See Burket*, 208 F.3d at 190. Thus, this claim also is waived by her guilty plea. *See Moussaoui*, 591 F.3d at 279. Additionally, Tipton had no right to a plea agreement, *see Weatherford v. Bursey*, 429 U.S. 545, 561 (1977), and she has not shown any deficient performance or prejudice, where the plea agreement that counsel negotiated resulted in the dismissal of Count One. This reduced her mandatory minimum sentence from 15 years to five years and reduced the statutory maximum sentence from 30 years to 20 years. *See* § 2551(a). Additionally, the three-level reduction for acceptance of responsibility that Tipton obtained by

pleading guilty reduced her guidelines range from 292-365 months of imprisonment to 210-262 months of imprisonment. Because of the strong evidence against Tipton, her desire to avoid putting her daughter through the additional trauma of a trial, and the reduction in sentence that she obtained through the plea agreement, it would not have been objectively reasonable for Tipton to proceed to trial. *See Fugit*, 703 F.3d at 260; *United States v. Santiago*, 2015 WL 9288220 at *4-*5 (4th Cir. 2015) (unpublished) (holding that "when the Government's case is strong, a defendant faces a nearly insurmountable obstacle to showing that it would have been rational to go to trial").

Therefore, these allegations of ineffective assistance should be dismissed as waived by Tipton's guilty plea, or denied on the merits.

    2.  <u>Tipton has not shown that counsel's pre-trial investigation was inadequate or prejudicially affected her decision to plead guilty</u>.

Tipton contends that counsel merely relied on the Government's case file and discussions with the prosecutor, rather than independently investigating the facts of her case, and that counsel did not provide her with the Government's discovery. Memorandum 19-23. She asserts that, in addition to the forensic analyst that counsel consulted, he also should have hired a private investigator to investigate her case and that he should have interviewed witnesses. *Id.* at 19. Tipton argues that the Government's case was weak because the main witnesses were Joel, who was in a custody dispute with her, Hamby, and the investigating agents. *Id.* at 21. She speculates that if counsel had investigated the case, he might have been able to prove that Joel was lying, and Tipton might have been found not guilty. *Id.* Tipton

asserts that Joel could have been called to refute Agent Wydra's testimony. *Id.* at 21-22. She argues that Joel was the only person who downloaded and copied the videos. *Id.* at 22. She contends that if counsel had adequately investigated her case, "there is a reasonable probability that she would have proceeded to trial." *Id.* at 21. Tipton also asserts that her plea was unknowing and involuntary because if she had been given discovery there is a reasonable probability that she would have proceeded to trial "because she never had any criminal intent." *Id.* at 24.

Tipton has not shown deficient performance. She admits that counsel reviewed the Government's file and hired a forensic analyst to examine the electronic evidence. Her entire assertion of deficiency relies on speculation that counsel might have been able to prove that Joel was lying. However, conclusory allegations are insufficient to support a § 2255 claim. *See United States v. Dyess*, 730 F.3d 354, 359-60 (4th Cir. 2013) (holding it was proper to dismiss § 2255 claims based on vague and conclusory allegations), *cert. denied,* 135 S. Ct. 47 (2014).

Additionally, Tipton's arguments ignore the fact that, regardless of what Joel stated, Hamby admitted to requesting, receiving, and viewing the videos. *See* PSR ¶¶ 16, 18-19. Moreover, Tipton herself admitted to investigators that she sent one of the videos to Hamby. *See* PSR ¶¶ 22-23. It would not have been objectively reasonable for Tipton to proceed to trial where her voice and face are on the videos, she admitted to making them, she admitted to sending one of the videos, and Hamby admitted to receiving two of the videos. By pleading guilty, she received a reduction for acceptance of responsibility and avoided the 15-year mandatory

Case 1:15-cv-00250-MR   Document 4   Filed 02/19/16   Page 15 of 24

minimum sentence and 30-year maximum sentence associated with Count One, which was dismissed as part of the plea agreement. She also obtained a three-level reduction for acceptance of responsibility that she would not have received had she proceeded to trial. And, as she admitted was one of her goals, she saved her daughter from the trauma of having to endure a trial.

Additionally, although Tipton argues that she did not have criminal intent, intent was clearly discussed in a pre-trial motion, at the plea hearing, and at sentencing. She specifically admitted at the plea hearing and at sentencing that she had the requisite intent to commit the offenses. Moreover, her intent was shown by sending Hamby a message saying that she had a surprise for him, titling the message, "Enjoy," and telling him that she wanted to be there when he opened it to feel his arousal. Sent. Tr. 32.

Tipton has not shown that additional discovery would have revealed any evidence of her lack of criminal intent, nor that any evidence would have overcome the evidence showing her intent. Therefore, she has shown neither deficient performance, nor prejudice with respect to counsel's investigation. *See Strickland*, 466 U.S. at 687-88, 694; *Fugit*, 703 F.3d at 260.

   3.  <u>Tipton's assertion that counsel's ineffective assistance rendered her guilty plea involuntary is belied by her testimony at the Rule 11 hearing.</u>

Tipton argues that counsel failed to adequately communicate with her. Memorandum 17-18. She contends that he did not adequately review the plea agreement with her, he did not explain her prospects for success, and he advised her that if she entered into the plea agreement she would not be sentenced to more than

16

ten years because Count One would be dismissed. *Id.* at 18, 26. She argues that counsel advised her that she had to plead guilty, that a trial would be very stressful and harmful to her daughter, that because of the media she could not receive a fair trial, and that if she proceeded to trial the Government would seek a 30-year sentence. Memorandum 18, 24-28.

According to Tipton, counsel quickly read over the plea agreement, skimming over several parts, and told her that she needed to sign it right away, but that she would have four weeks to review it before appearing in court. *Id.* at 26. She contends that she wanted to consult with others regarding the agreement, but she was called to court the next morning for the plea hearing. *Id.* She argues that counsel's failure to inform her that Count One could be used as relevant conduct and that she could still face a sentence of more than 15 years resulted in her plea being coerced. *Id.* at 26-27. She contends that counsel knew that she did not make the video for Hamby, that Hamby was lying, that her daughter told investigators that she asked Tipton to make the video, and that Tipton did not recall sending the video to Hamby. *Id.* Tipton argues that it could not be proven beyond a reasonable doubt whether she or Joel sent the video to Hamby because their personal computers were compromised. *Id.* She asserts that counsel advised her to admit to Count Two of the Indictment, intentionally transmitting the video, even though she had no criminal intent. *Id.* at 28. She asserts that this prejudiced her because she could not make an informed decision as to whether to plead guilty and that her plea should be vacated so that she may "plea[d] anew." *Id.*

These allegations are refuted by Tipton's own testimony during the plea hearing, where this Court meticulously went through the elements of the offenses, including the requirement that the acts be done knowingly, as well as the statutory range of punishment, including the statutory maximum sentence of 20 years. Plea Tr. Tipton, who is well educated and holds a master's degree, testified that she had reviewed and understood the plea agreement, she understood the elements of the offenses and the maximum penalties, no one had forced her to plead guilty, and she was pleading guilty because she had committed the offenses. Plea Tr.; PSR ¶¶ 73-77. She also testified that she had sufficient time to discuss possible defenses with her attorney and that she was satisfied with his services. Plea Tr. at 22-23.

Where a trial court properly advises a defendant of the potential sentence she faces and she indicates that she understands this, she cannot be prejudiced by any misinformation counsel allegedly provided to her. *United States v. Foster*, 68 F.3d 86 (4th Cir. 1995) (rejecting ineffective assistance claim where petitioner alleged that counsel had provided incorrect information regarding his sentencing exposure). In light of Tipton's sworn testimony at the Rule 11 hearing, her assertion that her plea was involuntary due to counsel's erroneous advice is without merit. *See Lemaster*, 403 F.3d at 221-22. Moreover, Tipton reaffirmed her Rule 11 responses at sentencing. Sent. Tr.

Finally, Tipton's assertion that she should be allowed to plead anew is insufficient to establish prejudice, since she does not state that but for counsel's advice she would have proceeded to trial. Nor would such an allegation be

objectively reasonable given the evidence against her.  *See Fugit,* 703 F.3d at 260;

*United States v. Santiago,* 2015 WL 9288220 at \*4-\*5.

> B.  *Tipton cannot show deficient performance or prejudice at sentencing where she testified that she read and understood the PSR and counsel argued vigorously for a sentence below the Guidelines.*

To establish ineffective assistance of counsel at sentencing, a petitioner must

show that but for counsel's deficient performance, there is a reasonable probability

that she would have received a lower sentence.  *See Royal v. Trombone*, 188 F.3d

239, 249 (4th Cir. 1999).  Tipton cannot meet this standard, where the record

clearly shows that she reviewed the PSR and that counsel did an extraordinarily

thorough job of arguing for a lower sentence.

Tipton raises eight grounds of ineffective assistance with respect to counsel's

representation at sentencing.  She argues that her attorney failed to:  (1) review,

discuss, and explain the PSR prior to sentencing; (2) file any meaningful objections

to the PSR; (3) properly prepare for sentencing by creating a theory of defense to

mitigate punishment; (4) move for a continuance to prepare for the testimony of the

Government's witnesses; (5) properly cross-examine Agent Wydra; (6) argue for

mitigation of punishment; (7) move for a downward departure based on

psychological reports; and (8) raise a *Santobello* claim regarding specific

performance of the plea agreement.  Motion to Vacate 5.

Tipton argues that, although counsel briefly reviewed the PSR with her, she

was confused by the Guidelines and did not understand that Count One could be

used as relevant conduct.  Memorandum 28-29.  She contends that counsel did not

19

raise the relevant conduct issue and glossed over her objections at sentencing. *Id.* at 29. She asserts that counsel did not adequately cross-examine Agent Wydra, that most of his testimony was hearsay, and that it also contradicted Joel and Hamby's statements. *Id.* She contends that counsel should have sought a continuance to properly prepare for cross-examination, as well as to allow co-counsel Jackson, to be present at sentencing. *Id.* at 29-30. She argues that counsel failed to challenge the substantive reasonableness of her sentence after it was imposed. *Id.* at 30. She contends that these actions constituted deficient performance, which prejudiced her, although she does not state how. *Id.* at 30.

Tipton's assertions of deficient performance are again belied by the record. At sentencing, she admitted to reviewing and understanding the PSR. Defense counsel filed voluminous objections to the PSR, as well as lengthy motions seeking a sentence below the Guidelines, and counsel submitted psychological reports in support of these arguments. *See* Doc. Nos. 71-74, 76. At sentencing, counsel tried to minimize Tipton's conduct and argued many grounds for imposing a sentence below the advisory range. Although counsel did not object to Wydra's testimony, this testimony was properly admitted. *See United States v. Powell*, 650 F.3d 388, 391-93 (4th Cir. 2011) (recognizing Confrontation Clause does not apply at sentencing where the court is free to consider a wide range of evidence); *United States v. Bowman*, 926 F.2d 380, 381 (4th Cir. 1991) (holding that a sentencing judge "may give weight to any reliable source of information," including even uncorroborated hearsay); *United States v. Padron-Yanez*, 433 F. App'x 189 (4th Cir.

2011) (rejecting Confrontation Clause argument that the district court should not have permitted the government to present an agent's hearsay testimony at sentencing).  Additionally, Tipton does not show what additional cross-examination would have revealed or what Jackson's presence at sentencing would have changed.  Finally, as the Fourth Circuit recognized on appeal, consideration of the conduct underlying the dismissed count was proper.  *See Tipton*, 581 F. App'x at 188-89.  Thus, Tipton has not shown deficient performance where counsel vigorously advocated on her behalf at sentencing.

Even if she could show deficient performance, Tipton cannot show prejudice.  This Court carefully considered all of defense counsel's submissions and arguments, but imposed a sentence near the bottom of the guidelines range because the Court was troubled by Tipton's manipulation of her daughter, the violation of her trust as a parent, and Tipton's failure to appreciate the criminality of her actions.  Sent. Tr.  A within guidelines sentence is presumptively reasonable.  *See Rita v. United States*, 551 U.S. 338, 347 (2007).  Tipton has not shown that but for counsel's allegedly deficient performance, there is a reasonable probability that she would have received a lower sentence.  *See Royal*, 188 F.3d at 249.  Accordingly, her claims of ineffective assistance of counsel at sentencing should be denied.

C. *Tipton has not shown ineffective assistance of appellate counsel where the issues she asserts should have been raised were barred by the appellate waiver in her plea agreement.*

Courts should ordinarily only find ineffective assistance for failure to raise claims on appeal when "ignored issues are clearly stronger than those presented."

*Smith v. Robbins*, 528 U.S. 259, 288 (2000) (internal citation and quotation omitted). Appellate counsel is not required to assert all non-frivolous issues on appeal. *Griffin v. Aiken*, 775 F.2d 1226, 1235 (4th Cir. 1985). Rather, "it is the hallmark of effective appellate advocacy" to winnow out weaker arguments and to focus on more promising issues. *Smith v. Murray*, 477 U.S. 527, 536 (1986). Thus, "[a] decision with respect to an appeal is entitled to the same presumption that protects sound trial strategy." *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993). Additionally, the petitioner still bears the burden to show that there is a reasonable probability that but for counsel's failure to raise an issue on appeal, the result of the proceeding would have been different, i.e., he would have prevailed on appeal. *See Robbins*, 528 U.S. at 285-86.

Tipton raises three grounds of ineffective assistance on appeal. Motion to Vacate 6. She contends that her appellate counsel failed to: (1) communicate with her regarding the appeal and the issues to be raised; (2) allow her to participate in the appeal; and (3) raise stronger issues. *Id.* She argues that there was a lack of communication with counsel (Jackson) during the appeal process. Memorandum 30. Tipton asserts that she wanted to raise the Guidelines objections, argue that consideration of the dismissed count as relevant conduct was improper, and assert that based on the facts and circumstances of the case her sentence was substantively unreasonable. *Id.* at 30-31. She contends that counsel was deficient for failing to raise these issues and for raising weaker issues couched as prosecutorial misconduct. *Id.* at 32.

All of the arguments that Tipton asserts that counsel should have raised on appeal are barred by the waiver-of-appeal provision in her plea agreement. *See* Plea Agrmt. ¶¶ 17-18. The Fourth Circuit has already held that this waiver is valid and bars Tipton from challenging the reasonableness of her sentence. *Tipton*, 581 F. App'x at 189. Accordingly, she can show neither deficient performance, nor prejudice from counsel's failure to raise these issues. *See Robbins*, 528 U.S. at 285-86.

Because Tipton has not shown deficient performance or prejudice pre-plea, at sentencing, or on appeal, her claims of ineffective assistance of counsel should be denied.

## <u>CONCLUSION</u>

For the foregoing reasons, the United States respectfully requests that this Court deny Tipton's motion.

RESPECTFULLY SUBMITTED this 19th day of February, 2016.

<div style="margin-left:2em">

JILL WESTMORELAND ROSE
UNITED STATES ATTORNEY

<u>s/Elizabeth M. Greenough</u>
Elizabeth M. Greenough, N.Y. Bar No. 2667905
Assistant United States Attorney
227 West Trade Street, Suite 1650
Charlotte, NC 28202
Telephone:   704-344-6222
Fax:          704-344-6229
Email: Elizabeth.Greenough@usdoj.gov

</div>

## CERTIFICATE OF SERVICE

I certify that I caused to be served a copy of the above response upon the Petitioner by U.S. Mail addressed to:

Deborah Lee Tipton
No. 27392-058
Aliceville Federal Correctional Institution
P.O. Box 4000
Aliceville, AL  35442

This 19th day of February, 2016.


s/Elizabeth M. Greenough
Assistant United States Attorney
USAO Charlotte, NC